UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 93-14029-CR-COHN/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN N. VERPORTER,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS AND SETTING SENTENCING HEARING

**THIS CAUSE** is before the Court upon the Report and Recommendation of Magistrate Judge Lynch [DE 121] ("Report") regarding the Superseding Petition for Violations of Supervised Release. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the Report, Defendant's Objections [DE 123] ("Objections"), the Government's Response to Defendant's Objections [DE 125] ("Response"), and is otherwise advised in the premises.

Defendant argues that the credibility findings made by Judge Lynch were premised upon a false assumption and Defendant requests a de novo hearing.[1] In support of this argument Defendant refers the Court to his Motion to Reconsider Report and Recommendation [DE 122] ("Motion to Reconsider") which was denied by Judge Lynch.

---

[1] Defendant further requests that the de novo hearing be held sometime after June 23, 2008. This date is proposed so that the state court can complete the trial of Verporter cocaine possession charge. Defendant believes the trial may resolve the alleged violations of supervised release.

The Motion to Reconsider states that the Magistrate Judge based his credibility determination of defense witness Maria DiBartolo ("DiBartolo") on the incorrect assumption that Verporter did not tell his attorney until April 2, 2008, that DiBartolo would testify that the cocaine was hers. Defendant appears to have disclosed this information to his attorney on February 19, 2008. However, as the Report reflects, the reasons for questioning the credibility of Defendant and DiBartolo are not limited to those factors raised in the Motion to Reconsider. The Report provides a detailed analysis of its credibility determinations. Magistrate Lynch made the determinations "by weighing the testimony of all of the witnesses, taking into account the relative interests of the witnesses, the consistencies or inconsistencies in their testimony and their demeanor on the stand." Report, DE 121, p. 20. This Court finds that the resulting credibility determinations were properly made by Magistrate Judge Lynch.

Defendant also objects to the Report's conclusion that "the government has substantiated the fact that the Defendant possessed or used marijuana based upon the stipulated laboratory analysis which found the marijuana to be in his [Defendant's] system." Report, DE 121, p. 22. Defendant provides no analysis or basis for the objection. In contrast, the Report provided a detailed explanation of its conclusion regarding the marijuana urinalysis. Defendant's blanket objection does nothing to disturb the Magistrate Judge's resolution of this issue.

This Court agrees with the determination of the Magistrate Judge that Defendant violated his conditions of supervised release as set forth in Number 1, 2, and 3 of the Superseding Petition.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 121] is **ADOPTED**.

2. Defendant's Objections [DE 123] are **OVERRULED**.

3. A Sentencing Hearing shall be held before the undersigned on June 2, 2008 at 9:00 a.m.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 22nd day of May, 2008.

JAMES I. COHN
United States District Court

Copies provided to:

Counsel of record